# In the United States Court of Federal Claims

No. 21-1341

Filed: August 13, 2021

| | |
|---|---|
| **OWENS & MINOR DISTRIBUTION, INC.,** | |
| *Plaintiff,* | |
| and | |
| **CONCORDANCE HEALTHCARE SOLUTIONS, LLC** | |
| *Intervenor-Plaintiff,* | |
| v. | |
| **THE UNITED STATES,** | |
| *Defendant,* | |
| **MEDLINE INDUSTRIES, INC.,** | |
| *Intervenor-Defendant,* | |
| and | |
| **CARDINAL HEALTH 200, LLC,** | |
| *Intervenor-Defendant.* | |

**ORDER**

This protest is directly related to another consolidated protest filed in this Court, *Medline Industries, et al. v. United States et al.*, Consol. Case No. 21-1174; that case involves the same parties in different litigation postures. On July 30, the Court issued a decision in that case granting various declaratory and injunctive relief, largely in favor of the protestors. *Medline Indus., Inc v. United States*, __ Fed. Cl. __, No. 21-1098, 2021 WL 3483429 (Fed. Cl. July 30, 2021). Following the public release of that decision, on August 13, 2021, the Court held a global status conference to discuss any unresolved matters in that case and in this one. In that status conference, Owens & Minor Distribution, Inc. ("O&M") conceded that Counts I and IV were moot with respect to the price discussions challenge, but sought an order granting judgment in its favor on Counts II and III.

Count II alleged a violation of FAR § 15.206(a), a claim substantively identical to the Scope Claim raised by Concordance Healthcare Solutions, Inc. in the consolidated action. (Am. Compl. at 9–10, ECF No. 15); *Medline*, __ Fed. Cl. __, 2021 WL 3483429 at *6. The Court awarded Concordance declaratory and injunctive relief on its Scope Claim. *Medline*, __ Fed. Cl. __, 2021 WL 3483429 at *9, *17. Count III alleged that the Department of Veteran's Affairs breached its implied duty to consider O&M's MSPV 2.0 proposal fairly and impartially. (Am. Compl. at 10–11). Concordance also raised this claim in the consolidated action, and the Court granted relief. *Medline*, __ Fed. Cl. __, 2021 WL 3483429 at *16–17. O&M diligently pursued both of these claims in its Motion for Judgment on the Administrative Record. (ECF No. 48 at 16–23, 33–34). Therefore, for the same reasons that the Court found Concordance was entitled to relief, O&M is likewise entitled to relief on its analogous claims. The Court's declaratory and injunctive relief afforded in *Medline* are incorporated by reference in this action as part of the Court's judgment in favor of O&M. With that incorporation, the Court need not order further relief with respect to Count IV as the Court ordered permanent injunctive relief in *Medline*.

Accordingly, the Court **ORDERS** the following:

(1) Concordance's Motion for Judgment on the Administrative Record (ECF No. 47) is **DENIED AS MOOT**.

(2) O&M's Motion for Judgment on the Administrative Record (ECF No. 48) is **GRANTED** with respect to Counts II and III. That Motion is **DENIED AS MOOT** with respect to Count I and IV. The Clerk is directed to enter judgment for O&M on Counts II and III. O&M is entitled to recover the costs of its bid preparation and proposal.

(3) Medline Industries, Inc.'s Cross-Motion for Judgment on the Administrative Record (ECF No. 57) is **DENIED AS MOOT**.

(4) Cardinal Health, LLC's Cross-Motion for Judgment on the Administrative Record (ECF No. 59) is **DENIED AS MOOT**.

(5) The United States' Cross-Motion for Judgment on the Administrative Record (ECF No. 60) is **DENIED**.

**IT IS SO ORDERED.**



s/    David A. Tapp
DAVID A. TAPP, Judge